**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

DERRICK DAVIS           *

Plaintiff              *

v.                 *    Civil Action No. PWG-18-229

PRIMECARE MEDICAL, INC.,[1] and    *
DR. ERMANNO COSTABILE,
                *

Defendants
              ***

## MEMORANDUM OPINION

Self-represented plaintiff Derrick Davis, who is presently incarcerated at the Jessup Correctional Institution, in Jessup Maryland,[2] alleges that during time he was confined as a pretrial detainee at the Baltimore County Detention Center, in Towson, Maryland, physical therapist Ermanno Costabile inappropriately fondled him in a sexual manner. Compl., ECF No. 1. He filed suit pursuant to 42 U.S.C. § 1983 against the Baltimore County Detention Center (BCDC), PrimeCare Medical, Inc., ("PrimeCare") and Costabile, claiming negligence; the claims against BCDC have been dismissed with prejudice. ECF No. 18. Now pending is the Motion for Summary Judgment that Costabile and PrimeCare (collectively "Medical Defendants") filed, ECF No. 20, along with a Memorandum, ECF No. 20-1, and Affidavit of Thomas J. Weber, CEO PrimeCare, ECF No. 20-2, in support. The Court informed Davis on August 1, 2018 that he could file an Opposition to the Motion for Summary Judgment, as well as supporting exhibits, by August 18, 2018. ECF No. 21. The deadline has long passed, and Davis has not responded. *See* Docket.

---

[1] The docket shall be modified to show Defendants PrimeCare Medical Inc., and Dr. Ermanno Costabile's names as spelled in their filings. *See.* ECF Nos. 15, 19, 20.

[2] The Clerk shall amend the docket to reflect Davis's present placed of incarceration. ECF No. 9.

Background

Davis alleges that "[o]n or about Oct. 31, 2017 at approximately 1 pm at Baltimore county Detention Center Medical Dept, … the physical therapist Dr. Ermanno Costabile was inappropriately … using his hands to fondle area(s) of [his] body that ha[d] nothing to do with [the knee] injury" that he had at the time. Compl. 3. Davis alleges that he "questioned Dr. Costabile, why he was touching [him] between [his] thighs [and] brushing against [his] testicles when [his] injury [was to his] knee." *Id.* Costabile allegedly responded that "he was trying to see if [Davis's] muscles [were] okay." *Id.* Davis asserts that "the probing of [his] private area was "continuous." *Id.* Davis claims that since the incident, Costabile has been "mak[ing] inappropriate gestures and unprofessional statements toward and about [him]," although he does not specify what Costabile said or describe the gestures. *Id.*

Davis maintains he has exhausted his administrative remedies. Compl. 2 ¶ II.A. He states that he addressed his concerns of inappropriate touching to the Medical Department and sent an administrative grievance addressed to Sergeant Thomas, Officer Sorreno, and Sergeant Davis. Davis claims he also "filed a peace order against Dr. E. Costabile with no effect." *Id.* at 3.[3] Davis also alleges that a police interview about the matter went "nowhere." *Id.* at 2 ¶ II.A.1.a. As relief, Davis asks for an investigation of "the conduct and matter of the negligence" of the Medical Defendants and award of monetary damages for his psychological and emotional trauma. *Id.* at 4.

Standard of Review

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored

---

[3] Davis does not provide the case number of his filing for a peace order. His request for a peace order during this time period is not apparent on the Maryland Judiciary casesearch website. *See* http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.

information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). A court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party. *See Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating the pleadings of a pro se litigant are liberally construed). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Celotex v. Catrett,* 477 U.S. 317, 323 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty* Lobby, Inc., 477 U.S. 242, 252 (1986). The evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id*.

## Discussion

Under 42 U.S.C. § 1983, liability is imposed on any person acting under color of state law who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws ... ." 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). "Section 1983 creates no rights; rather it provides a method for vindicating federal rights elsewhere conferred." *Doe v. Broderick*, 225 F.3d 440, 447 (4th Cir. 2000) (internal citations omitted).

Davis does not identify any constitutional rights he believes have been violated. The Complaint alleges a cause of action in negligence, a matter of state law. I am mindful, nonetheless that Davis is a pro se litigant whose pleadings must be given liberal construction. Sexual

harassment or abuse of an inmate by a corrections officer or prison medical provider does not serve a legitimate penological purpose and may well result in severe physical and psychological harm, and amount to "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. *See, e.g.*, *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (citing cases). Because Davis was a pretrial detainee at the time of the alleged incident, his claims would arise instead under the Due Process Clause of the Fourteenth Amendment, which "protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson,* 135 S. Ct. 2466, 2473 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). "Pretrial detainees (unlike convicted prisoners) cannot be punished at all … ." *Id*. at 2475. "[S]uch [impermissible] 'punishment' can consist of actions taken with an 'expressed intent to punish.'" *Id.* at 2473 (quoting *Bell v. Wolfish*, 441 U.S. 520, 538 (1979)). Absent "an expressed intent to punish," however, "a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Id.* (quoting *Bell*, 441 U.S. at 561). I liberally construe Davis's Complaint to include a Due Process Claim as well as the negligence claim.

The Medical Defendants argue that Davis did not comply with the conditions set forth in the Maryland Health Care Malpractice Claims Act (HCMCA), Md. Code Ann., Cts. & Jud. Proc. Art. § 3-2A-01, *et seq*. (2018) before he filed his negligence claim in this Court. Defs.' Mem. 6-7; Weber Aff. They assert that Davis must satisfy these conditions before the Court may assert supplemental jurisdiction over his state negligence claim.[4] As noted, Davis has not filed an

---

[4] Davis does not assert, nor does it appear there are, grounds for jurisdiction over this case based on diversity of the parties' citizenship. *See* Affs. of Service, ECF Nos. 11, 17 (listing Maryland addresses). Further, Davis does not state an amount in controversy necessary for diversity jurisdiction. *See* 28 U.S.C. § 1332.

4

opposition. A claimant's failure to follow the HCMCA prior to initiating suit in federal court will result in dismissal, without prejudice. *Lewis v. Waletzky,* 576 F. Supp. 2d 732, 736-38 (D. Md. 2008); *see also Redding v. Ameriprise Auto & Home Ins.,* No. DKC 11–3141, 2012 WL 1268327, at *6 (D. Md. Apr. 13, 2012). Accordingly, I shall dismiss Davis's state negligence claim without prejudice.

The Medical Defendants, however, have not provided an affidavit from Costabile or any other verified evidence to refute Davis's claims of unwanted sexual fondling, subsequent harassment, or his assertion that he has exhausted the detention center administrative remedy process. To the extent that Davis has stated a Due Process claim, and viewing the facts and all reasonable inferences in the light most favorable to him, there is no evidence to refute Davis's claim that Costabile touched him in an unwanted sexual manner or that Davis exhausted the prison's administrative review process. Thus, there are genuine disputes of material fact so that summary judgment is not appropriate as to Davis's Due Process claim against Costabile. Accordingly, I will deny Costabile's Motion for Summary Judgment as to this claim. Costabile may file a renewed Motion for Summary Judgment with verified exhibits not limited to his affidavit or declaration and relevant medical and detention center records within twenty-eight days.

Notably, Davis does not raise any specific allegations against PrimeCare beyond insisting that it was "negligen[t] in handling this complaint to allow Dr. Ermanno Costabile to continue to practice his therapeutic handling of individuals after a sexual misconduct complaint has been filed against him, and PrimeCare Medical should be held responsible." Compl. 3. But Davis does not allege when PrimeCare learned of his claims or that Costabile continued to provide physical therapy to him after the incident at issue. If Davis's intent is to raise claims against PrimeCare on behalf of other inmates treated by Costabile, he may not do so. *See, e.g.*, *Hummer v. Dalton*, 657

5

F.2d 621, 625–626 (4th Cir. 1981) (a *pro se* litigant's "suit is … confined to redress for violation of his own personal right" and he cannot act as a "knight-errant" for others); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."); *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977) (a *pro se* inmate does not have standing to sue on behalf of another inmate).

To the extent Davis may intend to bring this action against PrimeCare in its role as Costabile's employer, a private corporation is not liable under § 1983 for actions allegedly committed by its employees when such liability is predicated solely upon a theory of respondeat superior.[5] *See Austin v. Paramount Parks, Inc*., 195 F.3d 715, 727-28 (4th Cir. 1999); *Powell v. Shopco Laurel Co*., 678 F.2d 504, 506 (4th Cir. 1982). Davis's vague, nonspecific allegations against PrimeCare, do not suggest any basis for supervisory liability. *See Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir. 1994) (stating supervisory liability requires that a defendant had: (1) had actual or constructive knowledge that a subordinate was engaged in conduct that posed a pervasive risk of a constitutional injury; (2) the response to that knowledge was so inadequate as to show deliberate inference to or tacit authorization of the allege offensive practices; and (3) there was an affirmative causal link between defendant's inaction and the alleged constitutional injury.). Accordingly, I will grant Defendants' Motion for Summary Judgment in regard to Davis's claims against PrimeCare.

## Conclusion

For the reasons stated above, I will by separate Order DISMISS WITHOUT PREJUDICE

---

[5] Respondeat superior is a legal doctrine that provides an employer is liable in certain cases for the wrongful acts of his employee, and a principal for those of his agent. *See Black's Law Dictionary* (8th ed. 2004).

Davis's negligence claim. I will GRANT IN PART and DENY IN PART Defendants' Motion for Summary Judgment, ECF No. 20.  Summary judgment is GRANTED in favor of PrimeCare Medical Inc. and DENIED without prejudice as to Costabile.  I will GRANT Costabile twenty-eight days to renew the Motion for Summary Judgment with verified exhibits, to include relevant medical records, relevant prison records, declarations, and affidavits. Davis IS GRANTED 28 days from the date Costabile files the renewed Motion for Summary Judgment to file an opposition.

February 21, 2019  
Date

/S/  
Paul W. Grimm  
United States District Judge