# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DERRICK DAVIS | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PWG-18-229 |
| PRIMECARE MEDICAL, INC., and DR. ERMANNO COSTABILE, | * | |
| | * | |
| Defendants | | |

***

## **MEMORANDUM OPINION**

Presently pending and ready for review is Defendant Ermanno Costabile's unopposed renewed Motion for Summary Judgment which is supported by an affidavit and verified medical records.[1] ECF No. 26. No hearing is necessary. Local Rule 105.6 (D. Md. 2018). For the following reasons, the Motion will be granted.

## Background

Plaintiff Derrick Davis was a pre-trial detainee at the Baltimore County Detention Center (BCDC) at all times relevant to this case. He alleges that on or about October 31, 2017, Costabile, a physical therapist at BCDC, inappropriately fondled areas of his body that had "nothing to do with" his knee injury. ECF No. 1 at 3. When Davis questioned Costabile why he was touching him between his thighs and brushing against his testicles when it was his knee that was injured, Costabile allegedly replied that "he was trying to see if [Davis'] muscles was [sic] okay." ECF No. 1 at 3. Davis asserts "this incident was continuous, the probing of my private area*." Id.* Davis claims Costabile started making inappropriate gestures and unprofessional statements about him after this time, although he does not specify what Costabile said nor does he describe the gestures.

---

[1] Davis was informed that he may file an Opposition Response and of the consequences of failing to do so. ECF No. 24 ¶ 6; ECF No. 27.

As relief, he seeks award of monetary damages for psychological and emotional trauma. ECF No. 1 at 4.

On February 21, 2019, I dismissed Davis' negligence claims without prejudice and granted in part and denied in part Defendants' Motion for Summary Judgment. ECF No. 24; *see also* ECF No. 23 at 5, 7. I granted summary judgment in favor of PrimeCare Medical Inc. and denied summary judgment without prejudice as to Costabile, subject to renewal within twenty-eight days. On March 26, 2019, Costabile filed the instant dispositive motion supported by his affidavit and Davis' pertinent physical therapy records. ECF No. 26.

## Standard of Review

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1) (A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). District courts must "thoroughly analyze[ ]" even an unopposed motion for summary judgment. *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 380 (4th Cir. 2013) (citing *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 409 n.8 (4th Cir. 2010)). "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to 'a judgment as a matter of law.'" *CX Reinsurance Co. Ltd. v. Heggie*, ELH-15-1674, 2016 WL 6025488, at *5 (D. Md. 2016) (quoting *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993)).

Discussion

Sexual harassment or abuse of an inmate by a prison medical provider does not serve a legitimate penological purpose; may result in severe physical and psychological harm; and amount to "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. *See e.g.*, *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (citing cases). Because Davis was a pretrial detainee at the time of the alleged incident, his claims arise under the Due Process Clause of the Fourteenth Amendment, which protects a pretrial detainee from punishment." *Kingsley v. Hendrickson,* 135 S. Ct. 2466, 2473 (2015) (internal citations omitted). "Pretrial detainees (unlike convicted prisoners) cannot be punished at al; . . . ." *Id.* at 2475. "[S]uch [impermissible] 'punishment' can consist of actions taken with an 'expressed intent to punish.'" *Id.* at 2473 (quoting *Bell v. Wolfish,* 441 U.S. 520, 538 (1979)). Absent "an expressed intent to punish," however, "a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Id.* (quoting *Bell,* 441 U.S. at 561).

In his affidavit, Costabile states that Davis required physical therapy after undergoing surgery on his left quadriceps tendon on April 13, 2017. The goal of the physical therapy was to increase range of motion and strength in Davis' left leg. Costabile Aff. ECF No. 26-3 at 2 ¶ 8; Med. Records, ECF No. 26-4 at 9. Costabile states that during the October 31, 2017 physical therapy session, Davis performed strength training exercises under the supervision of a physical therapist. Any physical therapy assessment was by observation only. ECF No. 26-3 at 2-3 ¶ 9. Notably, the medical record does not indicate Costabile was the supervising physical therapist or otherwise present during the October 31, 2017, session. ECF No. 26-4 at 9. Costabile attests

"'[a]t no time did I fondle areas of Derrick M. Davis' body or engage in sexual misconduct." ECF No. 26-3 ¶11.

Davis does not controvert the facts as demonstrated by the verified records and affidavit supporting Costabile's Motion for Summary Judgment, leaving no genuine dispute as to any material fact to premise a Fourteenth Amendment due process claim. Accordingly, Costabile is entitled to summary judgment in his favor as a matter of law.

## Conclusion

For these reasons, Costabile's Renewed Motion for Summary will be granted in an Order to follow.

    December 26, 2019                                /S/
Date                                                 Paul W. Grimm
                                                       United States District Judge